James Heary, Esq. Jefferson County Industrial Development Agency Watertown, N Y
You have asked whether the Jefferson County Treasurer may also serve as treasurer of the Jefferson County Industrial Development Agency and whether, if permissible, a salary may be paid for each office.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
We are not aware of any constitutional or statutory prohibition against the simultaneous holding of the offices in question. (The applicable statute is County Law, § 411.) A county treasurer in a non-charter county like Jefferson County is an elected officer (id., § 400[1]). An industrial development agency is "a corporate governmental agency, constituting a public benefit corporation" (General Municipal Law, §856[2]). An agency is authorized by special act (ibid., subd 1[a]). The agency comes into existence when the governing body of the municipality files an appropriate certificate with the Department of State (ibid.). The members of the Jefferson County agency are appointed by the board of supervisors (id., § 892-e). This is the only direct connection between the county and the agency. However, one or more of the members may be officials or employees of the county (id., § 856[4]). You have advised us that only one member of the agency has a relationship with the county — a town supervisor serving on the county board of supervisors.
An industrial development agency appoints its own officers and employees and fixes their compensation (id., § 858[7]). The agency is specifically authorized to "appoint an attorney, who may be the counsel of the municipality, and to fix his compensation for services which shall be payable to him in addition to his official compensation" (ibid., subd [8]). We do not read this as an exception to a prohibition against a municipal officer performing the same kind of work for an agency. Rather, we read this as an exception to the rule that an attorney cannot represent two clients who have legal relationships with each other. There are situations in which a municipality may have a contractual relationship with an industrial development agency.
In the case of a treasurer, we see no incompatibility in an agency's appointing the county treasurer to serve also as the agency's treasurer. As a general rule, a treasurer is the custodian of funds and the disbursing officer. A treasurer is not normally an officer who participates in policy decisions that require either the generation of income or the disbursing of funds. We anticipate no occasions when either "treasurer" would be passing judgment on the acts of the other "treasurer". In the unlikely event that such an occasion should arise, the treasurer faced with the conflict could decline to act on his own by referring the question to the governing board.
So far as compensation is concerned, the elected county treasurer is compensated for holding the office. The amount of compensation is set by the board of supervisors. The board of the agency likewise determines its treasurer's compensation. Each governing body must decide for itself what compensation is appropriate for the services required.
We conclude that a county treasurer may simultaneously serve as the treasurer of the county's industrial development agency and may be compensated for service in each position.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.